ON RETURN TO REMAND
BOWEN, Judge.
On remand, the circuit court entered “findings of fact under Rule 20.9(d), A.R. Cr.P.Temp.” Based on that order and our own independent review of the record of the Rule 20 proceedings, it is the order of this Court that the judgment of the circuit court denying the petition for post-conviction relief is due to be affirmed.
This Court concurs in the following portion of the order of the circuit court:
*1054 “The Court finds that the petitioner did not prove by the preponderance of the evidence facts necessary to entitle him to relief, as required under Rule 20.3, A.R. C.P. The Court further finds the petitioner is precluded from relief under certain grounds as set forth in Rule 20.2(a), A.R.Cr.P.Temp.
“Specifically, the Court finds as follows:
“(1) That the petitioner was not denied effective assistance at trial. Taken together and separately, the alleged acts, misdeeds or mistakes of the trial counsel do not rise to the level of incompetence required to make a finding of ineffective assistance. The Court will not attempt to second guess trial tactics and decisions made by counsel at this juncture.
“Petitioner's entire motion for relief is based upon several acts by his trial counsel which he asserts amount to ineffective assistance. The Court finds that this issue was, or should have been, raised by Petitioner on his direct appeal, as set forth in Rule 20.2(a)(4 and 5), A.R.Cr.P.Temp.
“(a) Counsel did not fail to object to the insufficiency of the evidence when at least on two occasions he moved for judgment of acquittal based on the insufficiency.
“(b) Trial counsel was not ineffective for his failure to request a continuance to find a witness where the Court had denied a motion for recess to find the non-subpoenaed witness.
“(c) There is insufficient evidence that state witnesses committed perjury to which trial counsel could object.
“(d) Any failure by counsel to interview a witness was nullified by the State’s showing that the witness didn’t know anything or remember anything.
“(e) Counsel’s failure to object to hearsay testimony with regard to a collateral issue amounted to harmless error given the weight of the direct evidence against Petitioner.
“(f) The Court finds as a matter of law that the indictment against Petitioner was not defective, and trial counsel was not ineffective in failing to object to its insufficiency.”
In his amended petition, the petitioner alleged 1) that the State withheld favorable evidence and failed to disclose the existence of witnesses at the scene who allegedly would have contradicted the State’s theory of the crime by establishing that the person who shot the victim was in a car, 2) that trial counsel failed to request exculpatory evidence and failed to investigate, 3) that the State failed to disclose the nature and extent of its agreement with witness John Maddox, and 4) that the State allowed Maddox to perjure himself at trial.
The record shows that the circuit judge reviewed the notes of the investigations of both the District Attorney’s office and the investigating officers of the city police department. The judge found “nothing in there indicating] any agreement with Maddox other than was testified in court.” The judge also made the following oral findings: There was no exculpatory material contained in the notes. The alleged witness to the vehicle at the scene “could add nothing to the evidence given at trial. He could provide at this time no exculpatory evidence.” It is apparent to this Court that the circuit court found that as to all of the issues involved, the petitioner had failed to carry his burden of proving by a preponderance of the evidence the facts necessary to entitle him to relief. Rule 20.3, A.R.Cr. P.Temp. The record fully supports that finding.
The judgment of the circuit court denying the petition for post-conviction relief is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.